CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 1 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RUBY M. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00315 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JEFFERSON MILLS, INC., ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Ruby M. Anderson brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., claiming that the defendant, Jefferson Mills, Inc., improperly failed to provide reasonable accommodation under the ADA and deprived her of employment benefits in violation of the FMLA. This case is before the court on defendant's motion for judgment on the pleadings. For the reasons set forth below, the defendant's motion shall be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Ruby M. Anderson, a fifty year old woman, was employed as a process control operator at Jefferson Mills in Pulaski, Virginia. Anderson had been employed at Jefferson Mills for almost thirty years, beginning in July 1974. Anderson was diagnosed with epilepsy as a young woman and has experienced occasional seizures since that time. On November 26, 2003, plaintiff experienced a seizure at work. On December 2, 2003, Anderson's physician released her to work with the following restrictions: no driving, swimming, baths, ladders or hazardous equipment. On the same date, Jefferson Mills terminated Anderson's employment, purportedly due to her medical condition. Jefferson Mills had previously been aware of Anderson's

condition, and she had at least one prior seizure while at work.

After obtaining a determination letter from the Equal Employment Opportunity Commission ("EEOC"), plaintiff filed this action against defendant Jefferson Mills claiming that the defendant violated her rights under the ADA and the FMLA. Along with its answer, defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). This matter is now before the court on defendant's motion.

## DISCUSSION

Defendant has attached three exhibits to its motion for judgment on the pleadings. When matters outside the pleadings are submitted by a party, as here, a motion for judgment on the pleadings is treated as one for summary judgment and disposed of under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(c). Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Industries, Inc., 763 F.2d 604, 610 (4th Cir. 1985).

The defendant cites several alleged facts in support of its motion: (1) Anderson's physician imposed significant work restrictions; (2) Anderson failed to request an FMLA leave of absence after her November 2003 seizure; (3) Anderson herself chose to file a claim for unemployment benefits rather than take unpaid FMLA leave; (4) Jefferson Mills did not

terminate Anderson's employment, instead it laid her off; (5) Anderson failed to request to be returned to work and failed to provide documentation from her doctor showing that he had removed her restrictions; and (6) Anderson suffered three of four additional seizures after December 2003 which prevented her from returning to work. The court notes that many of these allegations find no support in the exhibits supplied by the defendant and that the defendant has failed to attach affidavits or present other evidence in support of its motion. Furthermore, as the plaintiff contends, the court believes that these allegations simply raise questions of fact which will be addressed by future discovery. Therefore, because there remain genuine disputes of material fact, the court will deny the defendant's motion.

Based on the parties' agreement and due to the current financial circumstances of the defendant, the court will also order this case referred to Magistrate Judge Michael F. Urbanski for mediation. All information exchanged during mediation shall be treated as confidential and shall not be shared with any other officer of the court.

Furthermore, the plaintiff has agreed to exercise forbearance in the prosecution of this case pending conduct of the mediation and the completion of defendant's reorganization, assuming such completion takes place within a reasonable time. In recognition of this arrangement, the court will defer entry of a scheduling order in this case until the parties advise that entry of such an order is appropriate.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

3

ENTER: This 11th day of August, 2005.

/s/ G. E. Conrad
United States District Judge